1
2
3
4
5                         UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                              OAKLAND DIVISION

8
9    JOSEPH BROOKE,                          Case No:  C 10-03520 SBA
     TERESITA CHING,
                                             **ORDER**
10              Plaintiffs,
                                             Docket 16, 17
11        vs.

12   ALEJANDRO MAYORKAS, Director of
     U.S. Citizenship and Immigration Services;
13   ROBIN BARRETT, Field Office Director,
     USCIS San Francisco Field Office; JANET
14   NAPOLITANO, Secretary of Department of
     Homeland Security; ERIC H. HOLDER, U.S.
15   Attorney General,

16              Defendants.

17

18        Plaintiffs Joseph Brooke and his wife, Teresita Ching, bring the instant action under

19   the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, and the Due Process Clause of

20   the Fifth Amendment to the United States Constitution, to challenge a decision by the

21   United States Citizenship and Immigration Service ("USCIS") denying Mr. Brooke's Form

22   I-130 Visa Petition for Alien Relative ("I-130"), which he had submitted on behalf of Ms.

23   Ching.  The parties are presently before the Court on the parties' cross-motions for

24   summary judgment.  Dkt. 16, 17.  Having read and considered the papers submitted, and

25   being fully informed, the Court DENIES Plaintiff's motion and GRANTS Defendants'

26   motion for summary judgment.  The Court adjudicates the instant motion without oral

27   argument.  Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

28

1  I.  **BACKGROUND**

2      A.  STATUTORY AND REGULATORY FRAMEWORK

3          Under the Immigration and Nationality Act ("INA") § 204(a), a United States citizen

4  may file a petition for an immigrant visa on behalf of his or her alien spouse by filing a

5  Petition for Alien Relative on a USCIS Form I-130.  8 U.S.C. § 1154(a); 8 C.F.R.

6  § 204.1(a)(1).[1]  The Attorney General is required to grant an I-130 petition if, "[a]fter an

7  investigation of the facts in each case, and after consultation with the Secretary of Labor ...

8  he determines that the facts stated in the petition are true and that the alien in behalf of

9  whom the petition is made is an immediate relative specified in section 1151(b) of this

10  title[.]"  8 U.S.C. § 1154(b).  If the petition is approved, the alien spouse may be eligible to

11  adjust her status to that of a Permanent Resident of the United States by filing a Form I-485

12  Application to Register Permanent Residence or Adjust Status.  8 U.S.C. § 1255.

13          Notwithstanding the above, the USCIS must *deny* an I-130 petition if it determines

14  that the alien is or was involved in a sham marriage.  INA § 204(c) states:

15              Notwithstanding the provisions of subsection (b) of this section
                *no petition shall be approved if* (1) the alien has previously
16              been accorded, or has sought to be accorded, an immediate
                relative or preference status as the spouse of a citizen of the
17              United States or the spouse of an alien lawfully admitted for
                permanent residence, by reason of a marriage determined by the
18              Attorney General to have been entered into for the purpose of
                evading the immigration laws, or (2) the Attorney General has
19              determined that the alien has attempted or conspired to enter
                into a marriage for the purpose of evading the immigration
20              laws.

21  8 U.S.C. § 1154(c) (emphasis added).  This prohibition is echoed in the corresponding

22  regulations promulgated under the INA:

23              (ii) Fraudulent marriage prohibition.  Section 204(c) of the Act
                prohibits the approval of a visa petition filed on behalf of an
24              alien who has attempted or conspired to enter into a marriage
                for the purpose of evading the immigration laws.  The director
25              will deny a petition for immigrant visa classification filed on
                behalf of any alien for whom there is *substantial and probative*
26              *evidence of such an attempt or conspiracy, regardless of*

27  ──────────────────────────────
28          [1] In visa petition proceedings, including the adjudication of an I-130 by USCIS, the
    burden of proving eligibility for the benefit sought is on the petitioner.  8 U.S.C. § 1361.

*whether that alien received a benefit through the attempt or conspiracy.*  Although it is not necessary that the alien have been convicted of, or even prosecuted for, the attempt or conspiracy, the evidence of the attempt or conspiracy must be contained in the alien's file.

8 C.F.R. § 204.2(a)(1)(ii) (emphasis added).

In the event the USCIS discovers information relating to marriage fraud, the agency is required to issue a notice of intent to deny ("NOID") to the applicant.  8 C.F.R. § 103.2(b)(8)(iv).  The NOID informs the applicant of "the derogatory information" at issue and affords the applicant the "opportunity to rebut the information and present information in his/her own behalf before the decision is rendered[.]"  Id. § 103.2(b)(16)(i).  After receiving a response to the NOID, the District Director of USCIS determines whether the I-130 petition should be approved.  6 U.S.C. § 271(b); 8 C.F.R. §§ 204.1(d) & 204.2(a)(1)(ii).  The Director's decision may be appealed to the Board of Immigration Appeals ("BIA").  8 C.F.R. § 1204.1.

## B.   FACTUAL AND PROCEDURAL SUMMARY

Ms. Ching, a native of China and citizen of the Philippines, was lawfully admitted to the United States in San Francisco, California, as a B-2 non-immigrant visitor on November 5, 2002.  Administrative Record ("AR") 116, 166-67.  On January 7, 2005, she married Elden Fong, a United States citizen.  AR 231-49.  Mr. Fong subsequently filed an I-130 petition on behalf of Ms. Ching with the USCIS which sought to classify her as an immediate relative of a United States citizen.  Id.  Ms. Ching concurrently filed a Form I-485 application to adjust her status to that of a lawful permanent resident.  Though Plaintiffs were originally scheduled to appear before the USCIS on May 16, 2006 for an interview, they requested that the meeting be rescheduled.  AR 250.  On November 30, 2006, Ms. Ching, through counsel, withdrew her application for permanent residence and expressed her intention not to proceed as a beneficiary of that petition.  AR 104.  On December 8, 2006, both the I-130 petition and I-485 application were denied for lack of prosecution.  AR 127-28.

On January 27, 2008, Ms. Ching married her current husband, Mr. Brooke, a United States citizen.  AR 123, 125.  In February 2008, Mr. Brooke filed an I-130 petition on Ms. Ching's behalf, and Ms. Ching concurrently filed an application for adjustment of status. AR 116-228.  On August 29, 2008, both individuals appeared for an interview at the USCIS office in San Francisco in connection with their pending applications.  AR 19.  On September 29, 2009, USCIS issued a NOID, which stated, in relevant part:

> On August 13, 2009, USCIS officers conducted a site visit at Mr. Fong's residence and he was interviewed in regards to his marriage to the beneficiary. During that interview, Mr. Fong confessed and provided a sworn statement admitting the following: "My name is Elden Fong and Teresita Ching were married [sic] in Oakland on January 7, 2005 in Oakland, CA. Teresita and I never had sex. Teresita and I never lived together. $32,000 was offered and $14,000 was paid in cash/installments. Teresita and I did not marry for love. I regret in full marrying Teresita."

AR 19-20; see also AR 21 (Mr. Fong's Statement).

On or about October 27, 2009, Mr. Brooke and Ms. Ching responded to the NOID by including:  a sworn declaration by Ms. Ching which specifically refuted Mr. Fong's contention that their marriage was fraudulent; evidence that Mr. Fong had previously written to USCIS that he and Ms. Ching "truly loved each other;" and other evidence of the bona fides of Ms. Ching's marriage to Mr. Fong, including photos of the couple, a joint lease agreement, and joint phone bills.  AR at 86-114. In her declaration, Ms. Ching detailed the development of their relationship, including her intimacy with Mr. Fong, and the reasons for the deterioration of their marriage.  AR at 93-95.  Ms. Ching also claimed that she was "completely shocked" that Mr. Fong claimed that they did not live together and did not consummate their marriage because it is "completely false."  AR at 95.  She further clarified that she did not pay Mr. Fong "any money" in exchange for filing the family petition.  Id.

On November 5, 2009, USCIS Field Officer Director denied Mr. Brooke's I-130 petition, stating:  "The USCIS has obtained documentation proving that the beneficiary's first marriage was not entered into [in] good faith, but was a sham, entered into for the sole

purpose of evading immigration laws." AR 8.  As to the documents proffered in response to the NOID, the decision states that they were insufficient to "over come [sic] the 204(c) charge," and that "[t]he documents are considered self serving."  Id.  Mr. Brooke timely appealed USCIS's decision to the Board of Immigration Appeals ("BIA").  AR 5.  On June 30, 2010, the BIA affirmed the decision of the Field Office Director and dismissed the appeal.  AR 3-4.  The BIA stated that that it "agree[d] that the record supports a finding that the beneficiary's prior marriage was entered into for the purpose of evading the immigration laws."  AR 3.  It further stated that it "considered the arguments and evidence presented by [Plaintiffs] both in response to the [NOID] and on appeal, and must agree that these do not overcome the detailed affidavit of the beneficiary's prior spouse, which was given against his own interest."  Id.

Plaintiffs commenced the instant action in this Court on August 11, 2010, and filed a First Amended Complaint ("FAC") on January 25, 2011.  Dkt. 1, 14.  The FAC alleges two claims: (1) violation of the APA; and (2) violation of the right to procedural due process.  Both claims are predicated on the assertion that the USCIS should not have denied Mr. Brooke's I-130 petition without allowing Plaintiffs to cross-examine Mr. Fong regarding his statements that his marriage to Ms. Ching was a sham.  As relief, Plaintiffs seek an order vacating and reversing the USCIS's determination that Ms. Ching is barred from obtaining an I-130 visa, and remanding the matter to USCIS for further proceedings.  The parties have now filed cross-motions for summary judgment.  The matter is fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

Rule 56(c) authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this initial burden, the burden then shifts to the

1    non-moving party to present specific facts showing that there is a genuine issue for trial.

2    Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio

3    Corp., 475 U.S. 574, 586-87 (1986).

4         Under the APA, an agency action may be held unlawful and set aside if "arbitrary,

5    capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C.

6    § 706(2)(A).  The agency's factual findings are reviewed for substantial evidence.  Herrera

7    v. U.S. Citizenship and Immigration Servs., 571 F.3d 881, 885 (9th Cir. 2009). "Review

8    under the arbitrary and capricious standard is narrow and [the court does] not substitute [its]

9    judgment for that of the agency."  Tucson Herpetological Soc'y v. Salazar, 566 F.3d 870,

10   875 (9th Cir. 2009).  The agency's action is presumed valid and should be affirmed "if a

11   reasonable basis exists for its decision."  Kern County Farm Bureau v. Allen,  450 F.3d

12   1072, 1076 (9th Cir. 2006) (internal quotation omitted).   Nonetheless, the Court's "review

13   still must be searching and careful, subjecting the agency's decision to close judicial

14   scrutiny."  Containerfreight Corp. v. United States, 752 F.2d 419, 422 (9th Cir. 1985)

15   (citations and internal quotations omitted).  "[T]he court shall review the whole record or

16   those parts of it cited by a party, and due account shall be taken of the rule of prejudicial

17   error."  5 U.S.C. § 706(2)(A).

18   **III.    DISCUSSION**

19        Plaintiffs contend that they were denied their right to procedural due process based

20   on the lack of opportunity to cross-examine Mr. Fong regarding his statements to the

21   USCIS that his marriage to Ms. Ching was a sham.[2]  "Procedural due process imposes

22   constraints on governmental decisions which deprive individuals of 'liberty' or 'property'

23   interests…."  Mathews v. Eldridge, 424 U.S. 319, 332 (1976).  To succeed on a procedural

24

25        [2] The salient question under the APA is whether substantial evidence supports the
     agency's decision.  See Herrera, 571 F.3d at 885.  Plaintiffs contend that substantial
26   evidence is lacking because they were not permitted to cross-examine Mr. Fong.  In turn,
     they argue that they should have been allowed to cross-examine him as a matter of due
27   process.  The parties do not distinguish between Plaintiff's APA and due process claims
     ostensibly because, in this case, both are dependent on the existence of a due process right
28   to cross-examine Mr. Fong.

due process claim, an individual must show: "'(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" Shanks v. Dressel, 540 F.3d 1082, 1090 (9th Cir. 2008) (quoting Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)). "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994) (quoting Assoc. of Orange Cnty. Deputy Sheriffs v. Gates, 716 F.2d 733, 734 (9th Cir. 1983)) (internal quotation marks omitted).

Section 204(a) of the INA creates the right to submit an I-130 visa petition, but it does not establish the right to an adjudicatory hearing. See 8 U.S.C. § 1154(a)(1)(A)(i), (B)(i)(I); 8 C.F.R. § 204.1(a). Rather, the process afforded under INA regulations is set forth at 8 C.F.R. § 103.2(b)(8)(iv), which states:

> Process. A … notice of intent to deny will be in writing and will specify the type of evidence required, and whether initial evidence or additional evidence is required, or the bases for the proposed denial sufficient *to give the applicant or petitioner adequate notice and sufficient information to respond*. The request for evidence or notice of intent to deny will indicate the deadline for response, but in no case shall the maximum response period provided in a request for evidence exceed twelve weeks, nor shall the maximum response time provided in a notice of intent to deny exceed thirty days. Additional time to respond to a request for evidence or notice of intent to deny may not be granted.

8 C.F.R. § 103.2(b)(8)(iv) (emphasis added). The applicable regulations further provide applicants receiving a NOID the "opportunity to rebut the information and present information in his/her own behalf before the decision is rendered…." Id. § 103.2(b)(16)(i). Here, there is no dispute between the parties that the NOID adequately advised Plaintiffs of the issues concerning Mr. Fong's statement and afforded them the opportunity to respond to his allegations. This is all the process Plaintiffs were due under the circumstances. See Dhillon v. Mayorkas, No. C 10-0723 EMC, 2010 WL 3325630, at *4 (N.D. Cal. Aug. 20, 2010) (finding that an I-130 applicant has no right to cross-examine former husband who claimed his prior marriage to an alien was fraudulent) (Chen, J.); accord Garcia-Lopez v.

1  Aytes, No. C 09-0592 RS, 2010 WL 2991720, at *4 (N.D. Cal. July 28, 2010) (same)

2  (Seeborg, J.); Avitan, 2011 WL 499956, at *7 (same).

3       Plaintiffs argue that INA § 204(b) creates a liberty and property interest "in the

4  approval of Mr. Brooke's I-130 petition" ostensibly because the approval of an I-130

5  petition is "non-discretionary."  Pls.' Opp'n and Cross-Mot. at 7, Dkt. 17.  This section

6  states that "the Attorney General *shall*, if he determines that the facts stated in the petition

7  are true and that the alien in behalf of whom the petition is made is an immediate relative ...

8  approve the petition ...."  8 U.S.C. 1154(b) (emphasis added).  "[D]eterminations that

9  require application of law to factual determinations are nondiscretionary."  Hernandez v.

10  Ashcroft, 345 F.3d 824, 833-34 (9th Cir. 2003); see also Spencer Enters., Inc. v. United

11  States, 345 F.3d 683, 692 (9th Cir. 2003) (noting that the phrase "shall ... approve the

12  petition" in 8 U.S.C. § 1154(b) suggests that the provision is non-discretionary).  However,

13  Plaintiffs overlook that any right conferred by INA § 204(b), 8 U.S.C. § 1154(b), is directly

14  circumscribed by INA § 204(c), 8 U.S.C. § 1154(c), which provides that "[n]otwithstanding

15  the provisions of subsection (b) … *no petition shall be approved*" where the alien was

16  involved in a sham marriage.  (Emphasis added.)  Thus, where the exception to eligibility

17  set forth in INA § 204(c) is germane, the right to obtain an I-130 visa no longer exists.

18       Even if Plaintiffs had demonstrated that they have a protected property or liberty in

19  an I-130 visa petition—which they have not—they have failed to show prejudice.  "As a

20  predicate to obtaining relief for a violation of procedural due process rights in immigration

21  proceedings, an alien must show that the violation prejudiced him."  Reyes-Melendez v.

22  INS, 342 F.3d 1001, 1007 (9th Cir. 2003) (internal quotation marks and citations omitted).

23  To show prejudice, the alien must show that the violation potentially affected the outcome

24  of the proceedings.  Id.  Here, Plaintiffs fail to show that their inability to cross-examine

25  Mr. Fong resulted in prejudice.  Rather, without providing any specifics, they merely

26  speculate that cross-examination would have allowed them to "raise questions regarding the

27  reliability of Mr. Fong's sworn statement[.]"  Pls.' Opp'n and Cross-Mot. at 10.

28  "Speculation about what [a witness] could have said is not enough to establish prejudice."

1  Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997).  In any event, Plaintiffs, in fact,

2  submitted evidence to refute Mr. Fong's assertions.  Thus, despite Plaintiffs' assertions to

3  the contrary, it is apparent from the record that Plaintiffs were afforded a fair opportunity to

4  respond to the NOID consistent with requirements of due process.  See Mathews, 424 U.S.

5  at 333 ("The fundamental requirement of due process is the opportunity to be heard at a

6  meaningful time and in a meaningful manner.").

7  　　　　As a final matter, Plaintiffs contend that because Ms. Ching is currently in removal

8  proceedings, she has a due process right to cross-examine Mr. Fong.  Pl.'s Opp'n and

9  Cross-Mot. at 11.  Plaintiffs are correct that the right to cross-examine witnesses is

10  expressly afforded in *removal* proceedings.  8 U.S.C. § 1229a(b)(4).  That rule is of no

11  assistance to Plaintiffs, however, since proceedings pertaining to I-130 visa petitions are

12  separate from removal proceedings.  See Dhillon, 2010 WL 1338132, at *2 n.1 ("visa

13  petition proceedings are technically separate from the removal proceedings").  If anything,

14  the fact that the INA provides no corresponding right to cross-examine witnesses in

15  connection with determinations of I-130 visa petitions supports the conclusion that

16  Congress did not intend to confer such a right.  See Bates v. United States, 522 U.S. 23, 29-

17  30 (1997) ("Where Congress includes particular language in one section of a statute but

18  omits it in another section of the same Act, it is generally presumed that Congress acts

19  intentionally and purposely in the disparate inclusion or exclusion.").

20  **IV.    CONCLUSION**

21  　　　　For the reasons stated above,

22  　　　　IT IS HEREBY ORDERED THAT Defendants' motion for summary judgment is

23  GRANTED and Plaintiff's motion for summary judgment is DENIED.  The Clerk shall close

24  the file and terminate any pending matter.

25  　　　　IT IS SO ORDERED.

26  Dated: July 8, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge